# SISTER ODELIA v. CHURCH OF ST. ANDREW AND ANOTHER.[1]

November 8, 1935.

No. 30,467.

*Briggs, Weyl & Briggs,* for relators.
*B. A. McLeod,* for respondent.

LORING, JUSTICE.

‹ *Certiorari* to review a decision of the industrial commission in which the respondent was awarded compensation for an injury received while fulfilling her duties as a teacher in the parochial school operated by the Church of St. Andrew.

The facts are not in dispute. Sister Odelia is a member of the Order of St. Benedict, a Roman Catholic order, the Mother House

[1]Reported in 263 N. W. 111.

of which is located at St. Joseph, Minnesota. At the time she entered the order in 1904 she took several vows, one of which was a vow of poverty, whereby she promised not to have or hold any property, and that any money received by her was to be turned over to the order. In return the order promised to furnish maintenance for the sister during her lifetime.

The Church of St. Andrew is located at Fairfax, Minnesota. It operates a parochial school in connection with the church. Teachers in this school are sisters and are secured from the Mother House of the Order of St. Benedict at St. Joseph. When a teacher is needed at the school the pastor of the Church of St. Andrew makes a request of the Mother Superior of the order at St. Joseph, and a member of the order is selected by her and sent to the school. The courses of study in the school are prescribed from St. Paul. The pastor of the church supervises the religious instruction that is given by the teacher but can discharge her only by application to her Mother Superior. If the teacher is inefficient he so informs the Mother Superior, and she replaces the teacher. For the services of these teachers the church pays the order the sum of $350 per year, in ten monthly instalments, and in addition furnishes the teacher with a home, gas, light, and heat. The commission found that the value of these latter items amounted to $360 per year in the case of Sister Odelia and awarded compensation on the basis of a yearly salary of $710.

Sister Odelia came to the Church of St. Andrew in 1907 under the circumstances above set forth and has been a teacher in the school since that time. She was injured during the course of her employment. The Church of St. Andrew was insured under part II of the workmen's compensation act, but the insurer resists payment of an award thereunder on the ground that there is no relationship of master and servant between the sister and the church.

We think the commission was right in concluding that Sister Odelia was an employe of the church. It is true that she turned over the surplus of her earnings to her own order, but that fact is of no consequence as a defense. She might have assigned all her

earnings without effect on her relationship to the church. She is in a position much like that of an unemancipated minor whose parent puts him out for hire and is entitled to his wages. Certainly he and not the parent is the employe. If she be considered as an employe lent by her order to the church, she is, for the purposes lent, the employe of the church. 28 R. C. L. 764. Our statutory definition of an employe under the compensation act does not change the relationship. Wages were paid directly for her services, not to her but to her order, to which she in effect had assigned them.

Writ discharged and order affirmed.